Alice A. FETTY, Appellant,

v.

H. L. (Brownie) CHOATE and Hiram Thurman Tipton, Appellees.

No. 14081.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1963.

Rehearing Denied May 1, 1963.

James E. Klager, of Utter & Chase, Corpus Christi, for appellant.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellees.

BARROW, Justice.

This is a venue action involving the negligence exception. Suit was filed by Alice A. Fetty, a feme sole, to recover damages for the wrongful death of her eight-year-old son, Audie Wayne Fetty, in a collision in Duval County, Texas, between a bicycle operated by Audie Wayne and a tractor trailer owned by H. L. (Brownie) Choate and operated by Hiram Thurman Tipton. The trial court granted defendants' motion for instructed verdict, after plaintiff rested, and ordered the cause transferred to Jim Wells County.

■ Under Subd. 9a of Art. 1995, Vernon's Ann.Civ.Stats., it is necessary for plaintiff to establish three facts by a preponderance of the evidence in order to maintain venue in Duval County: (1) that an act of negligence occurred in Duval County; (2) that such act or omission was committed by Tipton while acting within the scope of his employment for Choate; and (3) that such negligence was a proximate cause of the death of Audie Wayne. It is conceded, for this appeal, that Tipton was acting in the scope of his employment at the time of the accident, so the issue is whether or not a fact issue was raised

that Tipton committed an act of negligence proximately causing the death of Audie Wayne. We must examine the record, and if, after discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn by the facts proved, a jury might have found these venue facts favorably to the plaintiff, an instructed verdict was improper. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ Plaintiff asserts that Tipton failed to keep a proper lookout, was operating his vehicle at an excessive rate of speed under the circumstances, and, in any event, is liable under discovered peril issues. The accident occurred at the intersection of State Highway 359 and St. Joseph Street, just within the city limits of San Diego, Texas, on Saturday, July 22, 1961, at about noon. Tipton, accompanied by his swamper, James Harris, was proceeding north on Highway 359, and Audie Wayne was operating his bicycle west on St. Joseph Street. This intersection is controlled by a flashing red light for traffic proceeding on St. Joseph Street and a flashing yellow light for traffic proceeding on Highway 359. Both streets are thirty-one feet wide.

Tipton was the only eye-witness to the accident who testified at the hearing. He testified that prior to the accident he was very familiar with the intersection. The visibility was clear to his left, but the visibility to his right was partially obstructed by a filling station located on the southeast corner of the intersection, about thirty feet east of Highway 359 and about fifteen feet south of St. Joseph Street. Tipton testified that his speedometer was broken, but that he estimated his speed from 22 to 28 miles per hour at the time of the accident. As he approached the intersection, Tipton looked to the left and right, when about eighty feet from the intersection and again when about thirty to forty feet from same. He did not see anything in either direction, and there was no other traffic in the vicinity. When

he was in about the center of the intersection, he saw the boy on a bicycle for the first time. Audie Wayne was then proceeding west in the north lane of St. Joseph Street and was about thirty to forty feet from the intersection. Tipton only saw the boy from his waist up and did not notice anything unusual. The first he knew of an accident was when his swamper stated that the boy had hit them. Tipton testified that he could bring his unit to a stop in approximately thirty to thirty-five feet at twenty-five miles per hour.

The accident was investigated by a highway patrolman who found gouge marks in the pavement which he identified as the point of impact. They were three feet, seven inches, south of the north curb line and nine feet, three inches west of the east curb line of the intersection. He expressed the opinion that the bicycle hit the saddle tank on the tractor. The patrolman measured sixty-six feet of the skid marks laid down by the tractor, which began eighteen feet, seven inches north of the gouge marks.

 Tipton had the right of way at this intersection under Art. 6701d, § 35, Vernon's Ann.Civ.Stats., but was required to proceed through the intersection with caution. We are not concerned in this venue action with the negligence of Audie Wayne Fetty, or any other defensive matter. The applicable rule here is that even though one is not required to anticipate negligent conduct, he can not close his eyes to that which is plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Intges v. Dunn, Tex.Civ. App., 311 S.W.2d 877, writ ref., n. r. e. It is set forth in Lynch v. Ricketts, supra, that in a case of this character, standards of ordinary care such as the direction and extent of the observation which should be made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of facts.

It is our opinion that when these rules are applied to the physical facts and other evidence in this case a fact issue is raised as to whether Tipton kept a proper lookout. He knew that the visibility to his right was partially obscured and that he was required to proceed with caution through this intersection. The physical facts demonstrate that the bicycle could have been seen sooner than testified to by Tipton. It was for the jury to determine whether Tipton kept a proper lookout under the circumstances and if he did not, whether this was a proximate cause of the accident. The trial court improperly instructed a verdict for defendants.

The judgment is reversed and the cause remanded.