## DePRIEST v. KOOIMAN.

1. AUTOMOBILES—THROUGH HIGHWAY—DUE CARE—TRAFFIC AND WEATHER CONDITIONS.

   Motorist approaching an intersection on a through highway must exercise due care and must make reasonable allowance for traffic conditions, for fog, snow, or other adverse weather conditions, and for curves and road conditions.

2. SAME—INTERSECTIONS—RIGHT-OF-WAY.

   Motorist on a through highway is not required to slacken his speed or prepare to stop at successive street intersections in the anticipation that side-street drivers will contest his right-of-way, since such action would not only impede the flow of arterial traffic, but would be hazardous to both the motorist and those following him.

3. SAME—RIGHT-OF-WAY.

   Motorist on a through highway has the right to assume that he will be accorded the right-of-way, and he may rely on this assumption until he is aware that his right-of-way is being challenged.

4. JUDGMENT—DIRECTED VERDICT—AUTOMOBILES—NEGLIGENCE.

   Trial court's denial of motion for directed verdict for defendant in automobile negligence case *held*, improper, since record contained no evidence showing any negligence on the part of defendant, nor any proof from which either the trial court or the jury might lawfully infer that he was negligent.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 8 Am Jur 2d, Automobiles and Highway Traffic § 736.
Right of way at street or highway intersections as dependent upon, or independent of, care or negligence. 89 ALR 838, 136 ALR 1497.
[4, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011,
[7] 5 Am Jur 2d, Appeal and Error § 760.

5. Automobiles—Through Highways—Right-of-Way.

Motorist on a through highway has a right to assume that he will be accorded the right-of-way and that others using the highway will conform with the law.

6. Judgment—Automobiles—Negligence—Appeal and Error.

Jury verdict for defendant motorist in action for damages arising from collision between car driven on through highway by defendant and car driven on side street and into intersection by plaintiff's husband *held*, proper, since no actionable negligence of defendant was shown, and a directed verdict for defendant should have been granted.

7. Appeal and Error—Questions Reviewable—Instructions.

Alleged error in instructions to jury are not discussed, where defendant is held not negligent as a matter of law.

Appeal from Court of Appeals, Division 3; Lesinski, C. J., McGregor and Quinn, JJ., affirming Saginaw, Huff (Eugene Snow), J. Submitted November 10, 1966. (Calendar No. 14, Docket No. 51,442.) Decided April 10, 1967.

2 Mich App 431, affirmed.

Declaration by Ruth F. DePriest against Dirk F. Kooiman for injuries arising out of a collision of two automobiles on April 20, 1958. Verdict and judgment for defendant in the trial court. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*van Benschoten & van Benschoten* (*Duane S. van Benschoten,* of counsel), for plaintiff.

*Smith, Brooker, Harvey & Cook* (*Francis B. Drinan,* of counsel), for defendant.

Per Curiam. Dominant reasons for summary disposition of this appeal appear in the concurring

opinion Justice Talbot Smith wrote for *Churukian* v. *LaGest,* 357 Mich 173, 182–184. There the charge laid was actionable negligence of another driver proceeding on another favored trunkline highway toward an intersecting way. Having opened discussion of the questions of duty, breach, and causation, Justice Talbot Smith proceeded (*Churukian* at 182–184) :[1]

"The driver, as we know, was under a duty to exercise due care. He must make reasonable allowance for traffic conditions, for fog, snow, or other adverse weather conditions, and for curves and road conditions. But due care for such a driver does not demand that he slacken his speed or prepare to stop at successive street intersections in the anticipation that side-street drivers will contest his right-of-way. Not only would such action impede the flow of arterial traffic but it would be hazardous to both the driver and those following him. Due care, then, for the arterial driver includes his right to assume that he will be accorded the right-of-way. This assumption may be relied upon by him until he is aware, or as a reasonably prudent driver should be aware, that his right-of-way is being challenged.
\*     \*     \*

"When did such duty arise? When must he (in the exercise of due care) take steps to avoid collision with a subordinate driver who ventures into his path? Only, as we have noted, when it becomes obvious, or should become obvious to the reasonably prudent arterial driver, that his right-of-way is, in truth, being contested. 'It is at this time that his duty of care with respect to the subordinate driver arises, and his postobservation negligence, or lack thereof, is measured by his actions after this point.' *McGuire* v. *Rabaut* (1958), 354 Mich 230, 236. If he, at this point, does not act with reasonable care he

---

[1] *Churukian,* and cases following *Churukian,* were quoted with approval in *Haney* v. *Frederick V. Gentsch, Inc.,* 368 Mich 354. See reference to *Haney, post.*

may be forced to respond in damages, but reasonable care at this point is the care of one confronted with an emergency not of his creation, in the light of which his actions will be judged. The doctrine of proximate cause, also, must be examined. It may well be that there has been negligence on the part of the arterial driver but that his permissible speed, and the traffic conditions, were then such that, even had he been alert, looked, discovered the danger, and responded instantaneously and properly, no action on his part could have averted collision once the subordinate driver came into his path. If this were the case his negligence in not properly observing or acting could not be a proximate cause of the accident."

The essential facts adduced below are related comprehensively in Judge McGregor's opinion, written for the Court of Appeals. No present rehash thereof is required. See *DePriest* v. *Kooiman,* 2 Mich App 431.

The plaintiff in this case was beset from the beginning by the fact and result of a dilemmatic difficulty. Bearing the burden of proving that the defendant motorist was guilty of the actionable negligence she had charged, plaintiff was compelled to choose between calling her manifestly negligent husband to the witness stand or confessing that he was guilty of causal negligence. She chose the latter course.[2] Thus the trial court had before it no definitive proof that the defendant motorist was concurrently negligent, plaintiff herself having testified that she did not see the defendant's car until after the collision occurred. She testified that she had "leaned back to the car to relax just about the time we stopped."

If there is proof here sufficient to make a submissible case of negligence and causation against

---

[2] Plaintiff's counsel formally conceded "that the fault of her driver was a proximate cause of the collision."

the defendant, it must be found either in his testimony or in the testimony of a disinterested motorist. The latter was proceeding south on the nonfavored way. Having just been overtaken and passed by the car in which plaintiff was riding, the witness was given a clear view of the manner of approach to the intersection of the two involved cars and of the ensuing collision in the intersection. He corroborated the defendant's testimony in controlling regard:

"*Q.* All right, and did you see that vehicle [Kooiman] do anything in that two or three hundred yards before the collision occurred?

"*A.* Yes, sir. I would say it slowed down from that—

"*Q.* And would you have an estimate as to what the speed of it was after it slowed down?

"*A.* Well, no, I couldn't be sure because I am no judge of speed or anything like that but I'd say probably anywhere from 35 to 45.

"*Q.* And it had been going faster than that before it slowed down?

"*A.* I would say so, yes, you could notice it slowing down.

"*Q.* It was noticeable to you and it was crossing your path directly in front of you. Now, were there any obstructions to your view of that car as you approached the intersection?

"*A.* No.     *     *     *

"*Q.* Will you tell us what you saw that other [DePriest] car do?

"*A.* Well, after he passed me, like I say, he didn't get too far ahead of me, I don't think he was over 100 or 200 yards ahead when we was both coming to the intersection there, and I can't say whether the Buick come to a complete stop or not because I was behind it, but it slowed down or possibly did stop or maybe it was one of these rolling stops, I don't know, but it pulled up there and either stopped or slowed up and turned into the path of the other car."

No proof justified submission to the jury of the question of defendant's liability. So far as the record shows, his approach to this statutorily controlled intersection[3] was exemplary. He was not driving in excess of the posted speed limit and duly slackened his speed to a rate well below that limit. He saw the DePriest car come to a stop in apparent obedience to the stop sign and rightfully assumed, as would any reasonably minded motorist in like circumstances, that the driver of that car would accord him the first right of passage through the intersection. Not until the DePriest car, having started slowly forward *and then having continued on into the intersection,* was he alerted to Mr. DePriest's causatively foolhardy violation of law. Then a collision was unavoidable, by defendant at least. He simply wasn't warned until too late of Mr. DePriest's intention to enter the intersection first. The quoted reasoning (*Churukian, supra*) clearly applies.

It is not the law of this State that a motorist proceeding on a favored trunkline, toward an intersection controlled by flashing lights under said CLS 1961, § 257.614, must slow down to an insurer's rate of speed when he sees another motor vehicle approach on the nonfavored way, and then stop according to law, only to start out into the intersection on a then inevitable collision course.

Decision here is controlled by *Haney* v. *Frederick V. Gentsch, Inc.* (1962), 368 Mich 354. There, on a comparatively stronger yet legally insufficient record made by another plaintiff, shown as having proceeded toward and into a trunkline intersection controlled by a corresponding signal flashing red in his direction, the Court ruled that he had failed to make out a submissible case of causal negligence against the favored driver.

---

[3] See CLS 1961, § 257.614 (Stat Ann 1960 Rev § 9.2314) and reference to the *Haney Case, post.*

*To summarize:* No actionable negligence of defendant was shown. Nor was there proof from which either the trial judge (testing defendant's motion for directed verdict on due favorable view) or the jury might lawfully infer that he was negligent. There indeed are automotive negligence cases where a directed verdict for the defendant is in order. This is such a case, plaintiff having failed legally to sustain her burden.

The most favorable view one may take of the record made by plaintiff is that she made out a *prima facie* case of causal negligence, ordinary or gross, against her driver-husband. Whether the case thus made was or now is actionable will have to be determined if at all in some separate action; an action where his testimony probably would be controlling.

The above eliminates as moot need for discussion of the jury instructions below. Accordingly, we express neither approval nor disapproval of the instructions quoted in the opinion of the Court of Appeals, *supra,* at pages 433–436.

The judgment of the Court of Appeals is affirmed on ground written above.[4] See GCR 1963, 865.1(7). Defendant will have costs.

DETHMERS, C. J., and KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.

T. M. KAVANAGH, J., did not sit.

BRENNAN, J., took no part in the decision of this case.

---

[4] Even though erring technically when he denied defendant's motion for a directed verdict, Judge Huff adhered to what is accepted generally as the better practice, that is, he permitted the jury to decide in the first instance whether plaintiff had made out a case of actionable negligence,