*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY SHAW,

       Plaintiff-Appellee,

and

PERFORMANCE ORTHOPEDICS OF
MICHIGAN, LLC,

       Intervening Plaintiff,

v

JOHN DOE, BERKSHIRE HATHAWAY
HOMESTATE INSURANCE COMPANY, and
FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

       Defendants,

and

MARINA TRANSPORTATION, LLC,

       Defendant-Appellant.

UNPUBLISHED
May 25, 2023

No. 360782
Wayne Circuit Court
LC No. 20-011035-NI

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

-1-

In this negligence action, defendant, Marina Transportation, LLC (hereinafter "defendant"), appeals by leave granted[1] the trial court's order denying its motion for summary disposition. For the reasons stated in this opinion, we affirm in part and reverse in part.

## I. BACKGROUND

The facts of this case are heavily disputed. On August 28, 2019, plaintiff scheduled a ride to a medical appointment through LogistiCare. Defendant is a subcontractor for LogistiCare and was assigned to drive plaintiff that day. Defendant maintains that the ride was canceled before plaintiff was picked up. Plaintiff, on the other hand, claims that one of defendant's employees picked him up from his home as scheduled.

Both plaintiff and his wife testified that plaintiff got picked up by a vehicle that matched the description of a 2008 Toyota Sienna that was assigned to the suspected driver[2] on the day in question. Plaintiff claims that the accident occurred a few blocks from his home at the intersection of Esper Street and Manor in Detroit. Defendant's vehicle was traveling southwest on Esper Street; the other vehicle was traveling southbound on Manor. All the streets have stop signs at that intersection. Plaintiff testified that he was looking down at some paperwork when a vehicle hit defendant's vehicle on the rear passenger side door, causing them to spin out onto the grass. The other vehicle drove off. According to plaintiff, he asked the driver to call the police and the driver stated that he "had to call his boss first." The driver also told plaintiff to exit the vehicle to look at the damage. While plaintiff was talking to a neighbor who had heard the accident, the driver left the scene, leaving plaintiff stranded and forced to walk home.

Plaintiff claims to have suffered a serious impairment of body function as a result of the accident and that defendant, as the suspected driver's employer, was vicariously liable for the driver's negligence. Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). The trial court denied the motion on the basis that, given the competing claims and evidence, there were genuine issues of material fact precluding summary disposition.

## II. DISCUSSION

Defendant argues that summary disposition under MCR 2.116(C)(10) was proper because plaintiff has not provided sufficient evidence that the accident occurred or that defendant's driver was negligent. We disagree on both counts.[3]

---

[1] *Shaw v Doe*, unpublished order of the Court of Appeals, entered July 25, 2022 (Docket No. 360782).

[2] The suspected driver, Albert Whitney, has died and was never deposed.

[3] This Court reviews de novo a trial court's decision on a motion for summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Because the trial court and the parties relied on documentary evidence beyond the pleadings, we will construe defendant's motion as being made under MCR 2.116(C)(10) only. See *Cuddington v United Health Servs, Inc*, 298

"[T]o establish a prima facie case of negligence, a plaintiff must establish (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) that the damages were caused by the defendant's breach of duty." *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). A driver owes a general duty of care to other motorists and pedestrians to exercise ordinary and reasonable care and caution in the operation of a vehicle. *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967); *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956).

To begin, when the evidence is viewed in a light most favorable to plaintiff, there is a genuine issue of material fact regarding whether an accident took place on August 28, 2019. Defendant relies heavily on the ride being marked as "canceled" in its system. But, as noted, both plaintiff and his wife testified that plaintiff got picked up by a vehicle that matched the description of defendant's 2008 Toyota Sienna. Their description of the man driving the vehicle also matched the description of the suspected driver who was assigned to drive the 2008 Toyota Sienna on the date in question. Further, there was a witness, Michael Gully, who testified that he heard the crash and saw a vehicle on the grass on the date in question. Plaintiff and his wife also testified that there were tire marks on the grass where the accident took place. While there is conflicting evidence and credibility issues in this case, these are issues for the trier of fact to decide. See *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020) ("The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10).") (quotation marks and citation omitted).

Next, assuming that there was a motor vehicle accident, plaintiff must also provide evidence that defendant's driver was negligent. Plaintiff relies on *Johnson v Austin*, 406 Mich 420, 432-434; 280 NW2d 9 (1979), in which the Supreme Court addressed a situation where a hit-and-run driver killed another and fled the scene. The Court explained that in those circumstances—i.e., the injured party cannot testify about the circumstances of the accident, no other witnesses exist, and the driver flees the scene of the accident—a presumption of negligence on the part of the fleeing driver arises. That is because a driver who flees does so in contradiction of MCL 257.617, which requires a driver who knows or has reason to know that he or she has been involved in an accident to remain at the scene, or to report the accident to police. *Id*. "The presumption is fair in that it arises where the driver's breach of statutory duties results in a loss of evidence that the plaintiff cannot otherwise provide. It is in accord with the probabilities as it is

---

Mich App 264, 270; 826 NW2d 519 (2012). Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When reviewing motions under this subrule, "[t]he court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

unlikely that a non-culpable driver would subject himself to a prison term on a hit-and-run charge." *Id*. at 434.

The Supreme Court went on to say, however, that if the victim or another witness can "provide information concerning the circumstances of the accident," the inference drawn from the evidence of the driver's flight (i.e., "the inference of consciousness of wrongdoing which may be drawn from flight when there is a statutory duty to remain at the scene") can be weighed with the evidence concerning the circumstances of the accident in deciding whether the driver was negligent, and "[a] fair allocation of the burden of production of evidence does not then call for an evidentiary presumption." *Id*. at 433. Therefore, even when there is not an evidentiary presumption of negligence, evidence of a driver's flight can be used as evidence of whether the driver was negligent.

*Johnson* was a case decided under the Motor Vehicle Accident Claims Act, MCL 257.1112. *Id*. at 430. Although this act is no longer applicable, the logic of *Johnson* is still persuasive. That is, a driver would not voluntarily risk facing criminal charges by fleeing the scene of an accident unless the driver believed that he was at fault and could be held liable for the accident. In this case, plaintiff was looking down when the accident occurred and did not see the accident take place. However, plaintiff was able to partially testify about the circumstances of the accident. For example, he stated that a vehicle hit them on the rear passenger side door and they spun out onto the grass. Although he did not see the accident take place, a neighbor was also able to testify about the circumstances of the accident; he saw one car on the grass and saw the other car speed away. Defendant's driver has since passed away, and the driver of the other vehicle is unknown. Applying *Johnson*'s holding, because there are witnesses who can provide information about the circumstances of the accident, there is not an evidentiary presumption of negligence in this case. However, the suspected driver's flight can be used as circumstantial evidence that the driver was at fault and can be weighed with the other evidence about the circumstances of the accident.

We further note that defendant's driver's alleged actions went beyond simply fleeing the scene of an accident. Plaintiff testified that he specifically asked the driver to call the police, and the driver said he needed to call his boss first. Plaintiff also testified that the driver asked plaintiff to get out of the vehicle and then drove off, leaving plaintiff at the scene. Moreover, if plaintiff's version of events is found credible, there are implications that defendant has purposefully destroyed or altered records of the ride in an attempt to escape liability. Therefore, when viewing the evidence in a light most favorable to plaintiff, a genuine issue of material fact exists regarding whether defendant's driver was negligent.

Plaintiff also alleges negligent entrustment against defendant. "[T]he tort of negligent entrustment imposes liability on the basis of a defendant's negligence in permitting the use of a chattel by a person who is likely to handle it in a manner that will cause harm to others." *Bennett v Russell*, 322 Mich App 638, 644; 913 NW2d 364 (2018). Because plaintiff has not presented evidence concerning the suspected driver's driving record, there is not sufficient evidence that defendant was negligent in entrusting the driver with the vehicle. Plaintiff also claims that defendant should be held liable for the driver negligently abandoning plaintiff at the scene of the accident. However, plaintiff did not present any evidence suggesting that this act injured plaintiff

or aggravated his injuries. Accordingly, defendant is entitled to summary disposition of these particular negligence claims.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien