*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH CAMERON, as Guardian and
Conservator for DONALD CAMERON,

Plaintiff-Appellee,

v

CITY OF FLINT,

Defendant-Appellant,

and

CHRISTOPHER LLOYD DELANEY
and CITY OF FLINT POLICE DEPARTMENT,

Defendants.

UNPUBLISHED
August 17, 2023

No. 361502
Genesee Circuit Court
LC No. 21-115093-NI

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, the City of Flint (the City), appeals as of right the trial court's order denying the City's motion for summary disposition under MCR 2.116(C)(7), (8), and (10) of plaintiff's claim for damages under the motor vehicle exception to the governmental tort liability act (GTLA), MCL 691.1405. We affirm.

## I. FACTS

This is a personal injury action initiated by plaintiff Kenneth Cameron, as guardian and conservator of Donald Cameron. Most of the facts are undisputed. On August 18, 2020, at approximately 10:36 p.m., Donald Cameron was riding his bicycle westbound on the sidewalk adjacent to West Court Street in Flint. Donald's blood alcohol content was 231 mg/dL, and thus was nearly three times the legal intoxication limit of 80 mg/dL.

-1-

At that time, defendant Christopher Delaney, an on-duty Flint Police Officer, was driving a police cruiser in the course of his employment and was traveling westbound on West Court Street. Delaney was responding to a call for officers to respond to the scene of an alleged shooting; he later testified that he understood the call to say that the alleged shooting was a hostage situation. As a result, Delaney was traveling 76 mph in a 35 mph zone with the vehicle's emergency lights activated. According to Delaney's deposition testimony, he had been activating the vehicle's siren intermittently as he approached the intersection of Corunna Road and Pershing Street, until he was approximately 100 feet from their intersection with West Court Street. Delaney had the green light at the intersection when he proceeded into the intersection. It appears from the dashcam video that although Delaney had activated the emergency vehicle's siren at a previous intersection, he did not do so before entering the intersection of West Court and Pershing Streets and Corunna Road. Just moments before the police cruiser entered the intersection, Cameron left the sidewalk and crossed the road on his bicycle immediately in front of the police cruiser. The police cruiser stuck the bicycle; Cameron was thrown from his bicycle and allegedly suffered serious injuries.

Plaintiff initiated this action against Officer Delaney, the City of Flint Police Department, and the City of Flint, alleging that Delaney was grossly negligent, and alleging that the City and the Police Department were liable under the motor vehicle exception to the GTLA, MCL 691.1405. Defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10) on the basis of governmental immunity, failure of the plaintiff to state a claim, and because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Defendants contended that plaintiff was unable to establish the causation or duty elements of the negligence claim. Specifically, defendants contended that plaintiff could not establish that Officer Delaney owed a duty of care to Cameron because Cameron was a "wrongdoer" under *Robinson v City of Detroit*, 462 Mich 439; 613 NW2d 307 (2000).

The trial court thereafter dismissed the allegations against defendant Delaney pursuant to the parties' stipulation. After two hearings and supplemental briefing on the motion, the trial court granted in part the motion for summary disposition, dismissing defendant City of Flint Police Department, but denying the motion seeking dismissal as to defendant City of Flint. The trial court found that a question of fact existed on the issues of proximate cause and comparative negligence, and found that plaintiff had demonstrated that a duty existed. The City now appeals, challenging the trial court's finding that plaintiff established the element of duty.

## II. DISCUSSION

The City contends that the trial court erred by denying the City's motion for summary disposition under MCR 2.116(C)(7), (8), and (10) on the basis of governmental immunity. The City argues that plaintiff did not establish the duty element of his negligence claim because a police officer engaged in emergency vehicle operation owes no duty to a wrongdoer, and that Donald Cameron was a wrongdoer because he violated numerous laws when he rode his bicycle in front of the police cruiser, resulting in his injuries.

## A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review

de novo questions of law, see *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 329; 964 NW2d 839 (2020), including questions of governmental immunity, *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018).

Summary disposition under MCR 2.116(C)(7) is warranted when immunity is granted by law. When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers the documentary evidence submitted by the parties and accepts the contents of the complaint as true unless contradicted by documentation submitted by the non-moving party. *Estate of Miller*, 334 Mich App at 330.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 160. When reviewing the trial court's order granting or denying a motion under MCR 2.116(C)(10), this Court considers the documentary evidence in the light most favorable to the nonmovant. *Id.* A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

B. GOVERNMENTAL IMMUNITY

The GTLA broadly shields governmental agencies from tort liability. *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015). A governmental agency generally is immune from tort liability if it is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1). A party seeking to impose liability upon a governmental agency must demonstrate that the claim falls within an exception to governmental immunity, *Fairley*, 497 Mich at 298, and the exceptions are to be narrowly construed. *Robinson*, 462 Mich at 455.

In this case, plaintiff's claim invokes the motor vehicle exception to governmental immunity under MCL 691.1405, which provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." Under the motor vehicle exception to the GTLA, a police officer's physical handling of a motor vehicle during a police chase can constitute negligent operation of a motor vehicle. *Robinson*, 462 Mich at 445. Similarly, an officer's handling of a motor vehicle when responding to an emergency call can constitute the negligent operation of a motor vehicle. *Newton v Michigan State Police*, 263 Mich App 251, 268; 688 NW2d 94 (2004), overruled in part on other grounds by *Watts v Nevils*, 477 Mich 856; 720 NW2d 755 (2006).

Plaintiff alleges that Officer Delaney was negligent when operating the police vehicle at the time the vehicle struck Cameron, and that the City therefore is liable for Cameron's injuries under the motor vehicle exception to the GTLA, MCL 691.1405. To establish a prima facie case of negligence, the plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach of duty was the proximate cause of the plaintiff's damages. *Composto v Albrecht*, 328 Mich 496, 499; 938 NW2d 755 (2019). Whether a defendant owes a plaintiff a duty of care is a question of law for the Court. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

Before the trial court, the City moved for summary disposition in part on the basis that plaintiff had failed to establish that the officer owed a duty to Cameron. "Duty is the legal obligation to conform one's conduct to a particular standard to avoid subjecting others to an unreasonable risk of harm." *Composto*, 328 Mich App at 499. Duty also has been described as "essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Brown v Brown*, 478 Mich 545, 552; 739 NW2d 313 (2007).

Typically, a defendant owes a plaintiff what is described as an ordinary negligence standard of care, which requires a plaintiff to use ordinary care under the circumstances. *Composto*, 328 Mich App at 500. This ordinary negligence standard of care is applicable to drivers, who owe a general duty to others to exercise ordinary and reasonable care in the operation of a vehicle and to make reasonable allowance for traffic, weather, and road conditions. *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967).

A police officer operating a motor vehicle similarly owes a duty to others; an innocent person who is injured as a result of a police chase may seek recovery from the governmental agency under the motor vehicle exception to the GTLA if the officer was the proximate cause of the injuries. *Robinson*, 462 Mich at 469. But although a police officer pursuing a suspect owes a duty of care to innocent persons, the officer does not owe a duty to "wrongdoers." *Robinson*, 462 Mich at 450-451. A wrongdoer in this context is a person fleeing from the police. *Id*. at 451.

The City contends that Cameron was a wrongdoer to whom the officer did not owe a duty. In *Robinson*, however, the Court used the term "wrongdoer" to refer not merely to someone doing something wrong, but rather to a person whose conduct gives rise to police pursuit. In this case, the facts indicate that Cameron, while extremely intoxicated, violated traffic laws by riding his bicycle into the roadway immediately in front of a police vehicle that was traveling with its emergency lights flashing. Cameron also failed to use the marked crosswalk when he entered the intersection. Although Cameron's conduct is relevant to the question of causation, we disagree that his conduct earns him the title of "wrongdoer" under *Robinson*. Cameron was not fleeing from police pursuit; Cameron was intoxicated and appears to have committed various traffic offenses, but his conduct did not give rise to Officer Delaney's high-speed travel on West Court Street. Though Cameron may have been doing something "wrong," he was not a "wrongdoer" as that term is used in *Robinson*.

A police officer's duty to a person who is not a "wrongdoer" as defined in *Robinson* while giving chase is consistent with the statutes that exempt police officers from certain traffic restrictions, but only as long as life and property are not endangered. *Robinson*, 462 Mich at 451. Under MCL 257.603, a driver of an authorized emergency vehicle, such as a police vehicle, when responding to an emergency call may, among other things, "proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation," and may "exceed the prima facie speed limits so long as he or she does not endanger life or property." MCL 257.603(3)(b), (c). In addition, MCL 257.632 provides, in relevant part:

> The speed limitation set forth in this chapter shall not apply to vehicles when operated with due regard for safety under the direction of the police when traveling in emergencies or in the chase or apprehension of violators of the law or of persons

charged with or suspected of a violation, . . . This exemption shall apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren or exhaust whistle as may be reasonably necessary or when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicles, unless the nature of the mission requires that a law enforcement officer travel without giving warning to suspected law violators. This exemption shall not however protect the driver of the vehicle from the consequences of reckless disregard of the safety of others.

Our Supreme Court has explained that the language of MCL 257.603 and MCL 257.632 places a duty upon police officers toward innocent persons when giving chase. *Robinson*, 462 Mich at 452. So although MCL 257.603 excuses police officers from obeying the "rules of the road," an officer nonetheless must drive in a manner that does not endanger life or property. *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 638; 904 NW2d 427 (2017).

In this case, there is a question about the extent to which Cameron's own actions caused the collision with the police vehicle and thereby placed him in the "wrong." That inquiry is relevant to the determination of causation, but does not earn Cameron the title of "wrongdoer" under *Robinson*. Cameron was not fleeing from Officer Delaney, and Cameron's "wrongdoing" of traffic violations had no connection with the officer's high-speed travel down West Court Street. Because he was not a "wrongdoer" as that term is used in *Robinson*, the officer owed Cameron the same duty of care owed to any other person who does not meet that definition. The trial court therefore did not err by denying the City's motion for summary disposition on this basis.

Affirmed.


/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle