ZARZECKI v. HATCH.

1. Automobiles — Private Parking Lots — Common Law — Negligence—Contributory Negligence.

The contributory negligence of a plaintiff motorist and the negligence of defendant motorist on a privately-operated parking lot are determined according to the common law as the statutory law is not applicable to automobile traffic on private property.

2. Same—Motorist's Duty of Care.

A motorist, not subject to statutory requirements as to the operation of his car, has the duty in the use of his automobile to exercise the ordinary and reasonable care and caution which an ordinarily careful and prudent person would exercise under the same or similar circumstances.

3. Negligence—Question for Trier of Facts.

A state of facts would not result in a determination of negligence as a matter of law, where reasonable minds may differ upon those facts.

4. Automobiles—Private Parking Lot—Contributory Negligence.

A motorist on the entrance-exit lane-road in a privately-operated parking lot is not required to stop at the intersection of each feeder lane in order to be free from contributory negligence as a matter of law.

5. Appeal and Error—Nonjury Case—Preponderance of Evidence.

The Supreme Court does not reverse the judgment of the trial court in a nonjury law case unless the evidence clearly preponderates in the direction opposite to the finding of fact by the trial court.

References for Points in Headnotes
[1] 5A Am Jur, Automobiles and Highway Traffic § 15.
[2] 5A Am Jur, Automobiles and Highway Traffic § 201.
[3, 6] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[5] 3 Am Jur, Appeal and Error § 897.

6. Automobiles—Private Parking Lot—Collision at Intersection of Feeder Lane with Entrance-Exit Road.

Question of contributory negligence of eastbound motorist, traveling 10 miles per hour in south lane of 25-foot wide entrance-exit lane-road of privately-operated parking lot, whose car collided with southbound defendant motorist's car which came, without stopping, from a 15-foot wide feeder lane between cars parked in herringbone arrangement, was a question of fact for determination by trial court in nonjury case.

7. Same—Private Parking Lot—Feeder Lane—Negligence.

Southbound defendant motorist on 15-foot wide feeder lane in privately-operated parking lot, who drove into 25-foot wide entrance-exit road without stopping or observing eastbound plaintiff in south lane thereof *held*, guilty of negligence proximately causing damages suffered by plaintiff.

Appeal from Oakland; Neuenfelt (Lila M.), J., presiding. Submitted October 4, 1956. (Docket No. 35, Calendar No. 46,951.) Decided December 6, 1956.

Case by Bernice Zarzecki and Allstate Insurance Company, a foreign corporation, subrogee, against Fred J. Hatch, Jr., for personal injuries and property damage resulting from automobile collision on privately-owned parking lot. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Garan, Lucow & Miller* (*Steven E. Goodman,* of counsel), for plaintiffs.

*Giltner, Humpsch, Giltner & Miley,* for defendant.

Sharpe, J. This is an action to recover damages resulting from the alleged negligence of defendant Fred J. Hatch, Jr., while driving an automobile in the parking lot at the Willow Run airport on September 15, 1953, at or about the hour of 5:20 p. m. The lot in question measures about 800 feet from east to west and approximately the same distance

from north to south. The entrance to the lot is on the east side. At this entrance there is a booth where an attendant is stationed. Traffic going into the parking lot proceeds north of the booth in a westerly direction and traffic going out of the lot proceeds south of the booth in an easterly direction. This entrance-exit road is approximately 25 feet wide. Parking is allowed in rows extending to the north and south of the entrance-exit road. The cars are parked in a "herringbone" fashion nose to nose. Between the double rows of parked cars is a lane-road approximately 15 feet wide. On the day in question plaintiff was traveling east on the entrance-exit lane-road toward the exit at a speed of about 10 miles per hour and on the right side of the entrance-exit road. The east-and-west road upon which plaintiff was traveling is the principal and superior road as opposed to the inferior feeder lane upon which defendant was traveling. At the time and place in question plaintiff first observed defendant about 5 feet north of the entrance-exit road traveling in a southerly direction. At this time defendant's car was approximately 17 feet north of plaintiff's car. Defendant did not stop before entering the entrance-exit road and collided with plaintiff's car causing considerable damage.

The cause came on for trial before the trial court without a jury, and at its conclusion the trial court rendered judgment in favor of plaintiff in the amount of $1,000. The trial court rendered the following opinion:

"The court is of the opinion that there was no contributory negligence on the part of the plaintiff and that defendant's negligence is obvious. He entered in this lane of traffic without making any observation to the right whatsoever. He entered into the southerly part of this lane which goes in an easterly-westerly direction without observing the plain-

tiff. The plaintiff's own testimony, and the court believes her, was that she was in the right-hand side of this traffic lane; she stated she saw him 5 feet north (of the east-west road) and that there was nothing she could do before she was struck. The court is not of the opinion that the plaintiff will be required to stop at each one of the intersections in order to have the court say she would not be guilty of negligence as a matter of law, since an ordinary prudent person drives along these lanes expecting traffic coming out of the little intersections to stop. Plaintiff sustained the burden of proof and (the court) enters the judgment of $1,000."

Defendant appeals and urges that plaintiff was guilty of contributory negligence as a matter of law in driving on the entrance-exit lane without making proper observation to traffic coming from the north. It is admitted by both parties that the contributory negligence of plaintiff, if any, and the negligence of defendant should be governed by the common law as the statutory law and the Michigan vehicle code* are not applicable to automobile traffic on private property.

In the absence of statutory requirements, it is the motorist's duty in the use and operation of his automobile to exercise ordinary and reasonable care and caution, that is, that degree of care and caution which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Hazen* v. *Rockefeller*, 303 Mich 536.

In *Waling* v. *City of Detroit*, 308 Mich 163, 167, we said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence, and * * * some cases must of necessity stand or fall on their own facts. A state of

---

* PA 1949, No 300, as amended (CLS 1954, § 257.1 *et seq.*, Stat Ann 1952 Rev and Stat Ann 1953 Cum Supp § 9.1801 *et seq.*).—RE-PORTER.

facts should not result in a determination of negligence as a matter of law where reasonable minds may differ upon those facts. *Adams* v. *Canfield,* 263 Mich 666."

The precise question in this case may be stated as follows: How should one proceed out of the parking lot in question or how would a reasonably prudent person conduct himself under the circumstances? The record shows that because of the arrangement of the parked cars one could not from a moving vehicle see a car coming from a side lane until he was practically opposite the entrance from whence the car was coming. We do not think a driver on the entrance-exit lane-road is required to stop at the intersection of each feeder lane in order to be free from contributory negligence as a matter of law. We are of the opinion that the conduct of plaintiff at the time and place in question presents a question of fact as to whether she was guilty of contributory negligence. In law cases tried without a jury we do not reverse unless the evidence clearly preponderates in the direction opposite to the finding of fact of the trial court. In our examination of the record we are of the opinion that the finding of fact on this issue was correct.

We also conclude that under the circumstances of this case that defendant was guilty of negligence and that such negligence was the proximate cause of the damages suffered by plaintiff. It follows that the judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., did not sit.