## CONSTANCE M. MILLER v. JOHN D. BLEECKER AND ANOTHER.

163 N. W. (2d) 69.

November 29, 1968—No. 41228.

528

*Coulter & Nelson* and *Paul F. Gilles,* for appellant.
*Don E. Roberts,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Two automobiles, one driven by plaintiff and the other driven by defendant Zita K. Bleecker and owned by defendant John D. Bleecker, her husband-bailor, collided in an intersection located upon the parking lot of Southdale Square in Richfield. Plaintiff was proceeding north in the parking lot lane running north and south, and defendant driver was proceeding east in the east-west intersecting lane. Both drivers approached the intersection at approximately the same time and speed. Upon reciprocal claims limited by the parties to failure to keep a proper lookout, improper control, and possibly speed, a municipal court jury, by special verdict, found defendant driver negligent and such negligence to be a proximate cause of the collision, and that plaintiff was free of negligence. No motions for directed verdict were made at trial. The parties, as well as the court, chose to disregard the possible application of any statutory rules relating to right-of-way, presumably on the assumption that such provisions had no direct or indirect application to an intersection collision occurring on private property.[1]

The municipal court granted defendants' post-trial motion for judgment n. o. v. on the ground that plaintiff was negligent as a matter of law in failing to keep proper lookout, and that such negligence concurred with defendant driver's negligence to cause the collision. Thus, defendant bailor was entitled to recover the stipulated damages to his vehicle.[2]

From our examination of the testimony and consideration of the trial court's explanatory memorandum, we are persuaded this is one of those cases where, viewed from the trial judge's vantage point, rejecting the jury's finding and holding plaintiff negligent as to lookout was compelled, as the trial court concluded, by "[t]he uncontradicted, clear and convincing and

---

[1] See, Zarzecki v. Hatch, 347 Mich. 138, 79 N. W. (2d) 605, 62 A. L. R. (2d) 284.

[2] See, Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945.

believable testimony of the plaintiff on direct examination, as well as fortified by cross examination," to the effect that she failed to make reasonable observations before entering an intersection with which she was familiar and which she knew to be dangerous.

Affirmed.

