BROWN *v.* COCA-COLA BOTTLING COMPANY OF PONTIAC

1. AUTOMOBILES — HIGHWAYS — RIGHT-OF-WAY — INTERSECTIONS — STATUTES.

   Right-of-way traffic violations are, by statute, violations occurring at intersections (MCLA § 257.649).

2. HIGHWAYS—INTERSECTIONS—DEFINITION—STATUTES.

   An intersection is defined by statute as that place of joining of highways where the area within which vehicles upon different highways joining at an angle may come in conflict (MCLA § 257.22).

3. AUTOMOBILES — HIGHWAYS — RIGHT-OF-WAY — UNMARKED PRIVATE DRIVE AREA — STATUTES.

   The right-of-way rules of the road apply only to accidents where the proximate cause is in some way connected with streets, roads, highways or marked aisles that cross or intersect; hence trial court's refusal to give a jury instruction on right-of-way where the accident occurred in an unmarked private drive area of a gasoline station was proper since the requested charge did not accurately state the law applicable to the case (MCLA §§ 257.22, 257.649).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 9, 1970, at Detroit. (Docket No. 7,402.) Decided March 31, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 198.
[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic § 203.
   What is a street or highway intersection within traffic rules. 7 ALR3d 1204.

Complaint by Kathleen M. Brown against the Coca-Cola Bottling Company of Pontiac, a corporation, to recover for injuries sustained when her automobile collided with defendant's truck. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Balfour Peisner,* for plaintiff.

*Eugene S. Hoiby,* for defendant.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Per Curiam.   Plaintiff filed a complaint against defendant corporation in the circuit court for the county of Oakland. Plaintiff sued defendant corporation for damages arising out of an automobile accident involving a car plaintiff was driving and a truck owned by defendant corporation. At the time of the accident defendant's truck was being driven by an employee of defendant corporation. Defendant's employee was making a delivery at a gasoline service station on the northwest corner of Telegraph Road and Elizabeth Lake Road in Oakland County. Plaintiff entered the gasoline station by way of a service drive. Defendant's vehicle entered the gasoline station from another direction by way of a different service drive. At trial, there was some dispute as to the facts concerning negligence and proximate cause of the accident. The jury, after hearing the evidence and having been instructed by the court, returned a verdict for plaintiff. Defendant corporation appeals.

The question on appeal is whether the trial court erred in refusing defendant's requested charge to the jury concerning the rules of the road dealing with

right-of-way. MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349), dealing with right-of-way and stop signs, holds that right-of-way violations can only take place at intersections. MCLA § 257.22 (Stat Ann 1968 Rev § 9.1822) defines "intersection" as that place of joinder of highways where the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.

To apply the right-of-way law, there must first be an intersection. Case precedent has extended the definition of "intersection" to include aisles and lanes in parking lots. See *Zarzecki* v. *Hatch* (1956), 347 Mich 138. What defendant would have us do is extend that definition even further to include an intersection in an open field or, as in this case, an unmarked private drive area. According to statute and case precedent, the circumstances surrounding the proximate cause of an accident have to be in some way connected with streets, roads, highways, or marked aisles that cross or intersect. Defendant's requested charge to the jury would not have been a correct statement of applicable law. The trial court correctly stated: "Your requested instructions talk about the rules of intersections. This accident didn't happen at an intersection."

It was not error for the trial court to refuse to give defendant's requested charge to the jury. The requested charge did not accurately state the law applicable to this case. See *Browne* v. *Fenestra, Inc.* (1965), 375 Mich 566; *Torongo* v. *Miriani* (1968), 14 Mich App 701, 705.

Affirmed.