*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JOHN CONFORTI, by DONNA CONFORTI, Personal Representative,

UNPUBLISHED
October 29, 2020

Plaintiff-Appellant,

v

No. 348745
Macomb Circuit Court
LC No. 2017-002406-NI

STANLEY WEBSTER CORNELL and METRO CONTROLS, INC.,

Defendants-Appellees.

Before: FORT HOOD, P.J., and JANSEN and TUKEL, JJ.

PER CURIAM.

In this negligence action, plaintiff, the Estate of John Conforti, by Donna Conforti, personal representative (the Estate), appeals as of right the trial court's stipulated order of dismissal regarding the Estate's claim for economic damages and tolling the limitations period during the Estate's appeal of the trial court's prior order granting summary disposition in favor of defendants, Stanley Webster Cornell (Cornell) and Metro Controls, Inc. We reverse, vacate the January 15, 2019 order granting summary disposition in favor of defendants, remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a motor vehicle–pedestrian accident in Warren, Michigan, that resulted in John Conforti's (Conforti) death. At approximately 2:30 p.m. on May 10, 2017, Conforti was attempting to cross Van Dyke Avenue, a seven-lane highway, outside of a marked crosswalk. The nearest crosswalk was roughly ¼ mile away. The weather on that day was sunny and clear, and the roadway was dry; traffic was moderate to heavy. Conforti was able to cross Van Dyke Avenue during brief gaps in oncoming traffic. As Conforti crossed the far-right northbound lane of traffic, he was struck by a pickup truck driven by Cornell in the course of his employment with Metro Controls, Inc. Cornell immediately stopped his vehicle and called 911. Conforti was transported to a local hospital where he was pronounced dead.

The Estate filed a three-count complaint, alleging negligence and gross negligence against Cornell and Metro Controls, Inc., and requested damages from Metro Controls, Inc. as the owner of the vehicle and under a theory of negligent entrustment. Following oral and written discovery, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that the Estate was barred from recovering noneconomic damages under the comparative fault provision of the No-Fault Act found in MCL 500.3135(2)(b), and under MCL 600.2959, because Conforti was more than 50% at fault for the collision. In support of their motion for summary disposition, defendants noted that Conforti had attempted to cross Van Dyke Avenue, a seven-lane highway, during a period of moderate to heavy traffic flow, outside of a crosswalk in violation of Michigan law and the city of Warren's Uniform Traffic Code. Defendants further presented evidence that Cornell, the driver of the vehicle that hit Conforti, was traveling under the posted speed limit of 45 miles per hour, and was not was not driving in a careless manner. Defendants also noted that none of the officers who responded to the collision believed there was anything Cornell could have done to prevent the accident. Cornell was not criminally charged.

In response, the Estate argued that a genuine question of material fact did exist regarding whether Conforti was more than 50% at fault. The Estate submitted an affidavit from Lieutenant Timothy Abbo, a collision reconstructionist and a police officer employed by the Bloomfield Township Police Department. Lieutenant Abbo averred that he had reviewed the crash report prepared by the Warren Police Department, surveillance video of the collision, witnesses' depositions, and additional evidence regarding the scene of the collision. Lieutenant Abbo calculated that Cornell was traveling 42 miles per hour when the collision occurred. On the basis of his review of the evidence in this case, Lieutenant Abbo averred that Conforti was visible in the northbound lanes of Van Dyke Avenue, where he was struck, for approximately four seconds before impact. Given Cornell's speed of 42 miles per hour, Lieutenant Abbo opined that Cornell's vehicle traveled 246 feet during the period of time that Conforti was visible in the northbound lanes. Lieutenant Abbo opined that Cornell could have fully stopped his vehicle within 195 feet, and could have swerved to avoid Conforti within 170 feet. Thus, Lieutenant Abbo opined that if Cornell was not distracted, he could have avoided the collision.

Cornell's deposition transcript was also before the trial court at the time the trial court decided defendants' motion for summary disposition. In his deposition, Cornell testified that he had turned left onto Van Dyke Avenue from a store parking lot, and had traversed six lanes of traffic in order to end up in the far-right northbound lane where he was traveling at the time of the collision. Cornell testified that he did not see Conforti before the collision because Cornell had not been looking straight ahead at the roadway. Rather, Cornell had been "looking to my right, you know, make sure nobody – no cars were pulling out. I was paying attention to my right, not to my left." Cornell never saw Conforti coming from the left, so he never applied the brakes.

Additionally, the deposition transcript of Cornell's front seat passenger, Foley Decoste, was before the trial court at the time the trial court decided defendants' motion. Decoste testified that while he was not actively watching the roadway, he did see Conforti before the collision occurred. Decoste further testified that he did not have a chance to tell Cornell that he saw Conforti before impact.

The trial court ultimately granted defendants' motion for summary disposition in an order dated January 15, 2019; the motion was decided without a hearing or oral argument. The trial

court reasoned that although relative negligence of the parties is generally a question for the trier of fact, summary disposition was appropriate where there was no genuine issue of material fact regarding whether Conforti was more than 50% at fault. The trial court elaborated, noting that Conforti had violated Michigan law and the uniform traffic code adopted by the city of Warren when he crossed Van Dyke Avenue outside of a crosswalk and entered into Cornell's lane of travel. Additionally, the trial court reasoned that even if Cornell had had a spare second to swerve or apply the brakes, that fact did not make Cornell equally or more than 50% at fault. The Estate filed a motion for reconsideration, which was denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court:

> review[s] a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc.*, 500 Mich 1, 5-6, 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768, 887 NW2d 635 (2016), and should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law," *West v Gen Motors Corp*, 469 Mich 177, 183, 665 NW2d 468 (2003).
>
> "The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693, 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29, 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564, 715 NW2d 314 (2006) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*., 308 Mich App 420, 423, 864 NW2d 609 (2014) (quotation marks and citation omitted). [*Lockwood v Twp of Ellington*, 323 Mich App 392, 400-401; 917 NW2d 413 (2018).]

## III. ANALYSIS

The Estate's sole argument on appeal is that the trial court erred by granting summary disposition in favor of defendants where a genuine issue of material fact remained regarding whether Conforti was more than 50% at fault for the accident. We agree.

MCL 500.3135(2)(b) provides that, in automobile negligence cases, "[d]amages must be assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault." Furthermore, MCL 600.2959 provides that, in actions based

on tort, if the plaintiff's fault is greater than the defendant's, "the court shall reduce economic damages by the percentage of comparative fault . . . and noneconomic damages shall not be awarded." A plaintiff is considered to be at fault if "the plaintiff's conduct was both a cause in fact and a legal, or proximate, cause of his damages." *Lamp v Reynolds*, 249 Mich App 591, 599; 645 NW2d 311 (2002). Although comparative fault is generally a question for the fact-finder, comparative fault may be decided on a motion for summary disposition if no reasonable juror could find that the defendant was more at fault than the plaintiff. *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003).

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (citation omitted). A driver of a motor vehicle generally owes a duty to pedestrians to exercise ordinary and reasonable care in the operation of his or her motor vehicle. *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956). In doing so, a driver must make reasonable allowances for traffic, weather, and road conditions. *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). Moreover, a driver has a duty to keep a proper lookout and not to drive at a speed greater than that "which will permit a stop within the assured, clear distance ahead." MCL 257.627(1); *Freed v Salas*, 286 Mich App 300, 329; 780 NW2d 844 (2009).

In this case, the Estate correctly asserted that defendants owed Conforti a duty: Cornell owed a common law duty to Conforti to exercise ordinary and reasonable care while operating his motor vehicle. *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956); *Krass v Tri-Co Security, Inc*, 233 Mich App 661, 675-676; 593 NW2d 578 (1999). Moreover, Cornell had a statutory duty to keep a proper lookout and drive at a speed that would "permit a stop within the assured, clear distance ahead." MCL 257.627(1). The record evidence established that Cornell was driving in the far-right northbound lane of Van Dyke Avenue, a seven-lane highway. Cornell wad driving at or below the posted speed limit of 45 miles per hour. However, the record is also clear that if Cornell were properly watching the roadway, he could have avoided the collision.

Even though Conforti was negligently attempting to cross Van Dyke Avenue outside of a marked crosswalk, Conforti did not suddenly step off the curb in front of Cornell's vehicle. Rather, he had been visible in the roadway for a sufficient amount of time to be seen and avoided. Cornell's front seat passenger clearly saw Conforti before the collision, and Cornell's own deposition testimony established that he was not looking straight ahead at the roadway. Indeed, Cornell testified that he was looking at the driveways on the right side of the road to see if any vehicles were pulling out, and Conforti was coming into Cornell's lane of traffic from the left. Accordingly, we conclude that the Estate presented sufficient evidence in response to defendants' motion for summary disposition to create a genuine question of material fact regarding not only whether Conforti was more than 50% at fault for the collision, but also whether Cornell was negligently operating his vehicle at the time of the collision.

We reverse, vacate the January 15, 2019 order granting summary disposition in favor of defendants, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen