*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAJIDA S. SADEK, as Personal Representative of
the ESTATE OF MUHAMMED A. SADEK,

       Plaintiff-Appellant,

v

JEFFREY LEE HARVEY and HUNTER EXPRESS
U.S., INC.,

       Defendants-Appellees.

UNPUBLISHED
September 09, 2025
11:48 AM

No. 371812
Oakland Circuit Court
LC No. 2024-205928-NI

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants summary disposition under MCR 2.116(C)(10) of plaintiff's negligence claim. We vacate the trial court's order and remand for further proceedings.

## I. FACTS

This case arises from a vehicle crash that occurred at approximately 5:45 a.m. on December 7, 2022. Plaintiff's decedent, Muhammed A. Sadek, was killed when the car he was driving collided with a semi-truck allegedly driven by defendant Jeffrey Lee Harvey on behalf of defendant Hunter Express U.S. Inc. On that morning, the semi-truck was westbound in the right lane of I-696 near Haggerty Road in Farmington Hills. Plaintiff's decedent was driving west on I-696 in the left lane. When the road narrowed due to construction, traffic in the left lane was directed to move into the right lane; plaintiff's decedent attempted to move into the right lane by accelerating past the semi-truck driven by Harvey. The vehicles collided, sending decedent's vehicle off the road where it overturned, killing decedent.

Plaintiff initiated this action by filing a complaint alleging that the collision was proximately caused by Harvey's negligence, specifically, driving carelessly and recklessly and failing to permit decedent to merge into the right lane. In lieu of filing an answer to the complaint,

-1-

defendants moved for summary disposition under MCR 2.116(C)(8) and (10), contending that plaintiff had failed to present any evidence demonstrating that the collision was caused by Harvey's actions.

Defendants asserted that according to the report of the Michigan State Police investigating the collision, decedent was wholly at fault. The collision occurred in a construction zone that was clearly marked with a speed limit of 60 miles per hour. According to the data downloaded by police from decedent's car, decedent was traveling at 88 miles per hour and accelerating at the time of the collision. Police interviewed two witnesses to the collision who reported that decedent was speeding in the left lane when he attempted to cut in front of the semi-truck. The right rear of decedent's car clipped the left front of Harvey's semi-truck as decedent attempted to merge into the right lane as the left lane was ending. Defendant Harvey was not ticketed for the collision, and the hazardous action was attributed to decedent by police. Defendants argued that based upon the undisputed facts, plaintiff was not able to establish the causation element of her claim of negligence.

Plaintiff responded to the motion for summary disposition, arguing that summary disposition was not warranted under either MCR 2.116(C)(8) or (10), and noting that discovery had not yet occurred. Plaintiff thereafter filed an amended complaint.

The trial court granted defendants' motion for summary disposition, apparently under MCR 2.116(C)(10), relying upon information outside of the pleadings. The trial court acknowledged that discovery had not yet occurred, but found that viewing the evidence in the light most favorable to plaintiff, there was no evidence to establish a breach of duty by Harvey.

Plaintiff moved for reconsideration on the basis that summary disposition was premature prior to discovery, and also argued that the trial court had misconstrued the affidavit of plaintiff's expert. The trial court denied the motion for reconsideration on the basis that the motion did not present palpable error by which the trial court or the parties had been misled, and merely presented the same issues presented previously. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court prematurely granted defendants' motion for summary disposition because discovery had not yet commenced. We agree.

We review de novo the trial court's decision to grant or deny summary disposition. *Jostock v Mayfield Twp*, 513 Mich 360, 368; 15 NW3d 552 (2024). In this case, the trial court appears to have granted defendants summary disposition under MCR 2.116(C)(10), because it considered documentary evidence outside the pleadings. Although a motion for summary disposition under MCR 2.116(C)(8) is decided based upon the pleadings alone, when considering a motion under MCR 2.116(C)(10), the court reviews the documentary evidence submitted by the parties, and does so in the light most favorable to the nonmoving party. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim, and is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *El-*

*Khalil*, 504 Mich at 160. A genuine issue of material fact exists if the record leaves open an issue upon which reasonable minds might disagree. *Id*.

Once the party moving for summary disposition under MCR 2.116(C)(10) has specifically identified the issues upon which the party believes there is no genuine issue as to any material fact, the adverse party "may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or otherwise as provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4); *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Thus, to defeat a motion for summary disposition under MCR 2.116(C)(10), the plaintiff "must do more than present evidence that the defendant's conduct possibly caused the injury," but rather must present "substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *McMaster v DTE Energy Co*, 509 Mich 423, 445-446; 984 NW2d 91 (2022).

In this case, plaintiff alleged that defendant Harvey was negligent in operating his vehicle. To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a legal duty, that the defendant breached that duty, that the plaintiff suffered damages, and that the defendant's breach was a proximate cause of the damages. *Jeffrey-Moise v Williamsburg Towne Houses Cooperative, Inc*, 336 Mich App 616, 624; 971 NW2d 716 (2021). The plaintiff must establish both factual causation, i.e., that the defendant's conduct caused harm to the plaintiff, and legal causation, i.e., that the harm caused to the plaintiff was the kind of harm that the defendant risked. *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017).

In Michigan, absent a statutory duty, a driver owes a duty to other motorists and pedestrians to act with ordinary and reasonable care and caution when operating a vehicle, being that care which an ordinarily careful and prudent person would use under the circumstances, *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956), making reasonable allowances for traffic, weather, and road conditions, *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). However, a driver is not obligated "to guard against every conceivable result, to take extravagant precautions, [or] to exercise undue care." *Hale v Cooper*, 271 Mich 348, 354; 261 NW 54 (1935). Rather, a driver is "entitled to assume that others using the highway in question would under the circumstances at the time use reasonable care themselves and take proper steps to avoid the risk of injury." *Id*. The fact that an accident occurs does not give rise to a presumption that a driver was negligent. *Edgerton v Lynch*, 255 Mich 456, 460; 238 NW 322 (1931).

In this case, to avoid summary disposition plaintiff was obligated to state facts to support her allegation that Harvey breached a duty of care, and that the breach was the factual and legal cause of the collision. See *Ray*, 501 Mich at 64. Once defendants moved for summary disposition under MCR 2.116(C)(10), the burden of proof shifted to plaintiff, who was then obligated to present "substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *McMaster*, 509 Mich at 445-446. Here, in plaintiff's response to the motion for summary disposition, and also in plaintiff's amended complaint, plaintiff asserted a list of alleged acts and omissions by Harvey, but without factual support. In granting the motion for summary disposition, the trial court reasoned, in relevant part:

The Court has considered the arguments of counsel, considered the applicable law. The Court has studied, scrutinized the proofs from plaintiff, the Court is of the opinion that it is – that the Court agrees with the defendant.

* * *

Not looking in mirrors to see behind or to your side is of no assistance to someone trying to get in front of you. . . . To contend that visors are down, again, whether daytime or night time, to contend that visors down is a breach of a duty, without more, is a sweeping implication of visors. Visors down is not a breach of a duty.

Not seeing plaintiff, not braking for plaintiff, these are conclusions, not – not facts. And, without more, do not themselves bespeak any duty breach.

The Court has struggled to evaluate and extract as best as it could in the light most favorable to the plaintiff, each and every allegation by plaintiff's expert, and looking at them individually, looking at them collectively, looking at them grammatically, and also looking at them, again, as favorably as the Court can to the plaintiff, the Court does not see anything that would substantiate a breach of duty by the defendant.

Plaintiff contends, however, that summary disposition was premature because discovery had not yet occurred. Generally, summary disposition under MCR 2.116(C)(10) is premature before discovery is complete on a disputed issue. *Doe v General Motors, LLC*, 511 Mich 1038, 1038-1039 (2023). However, the mere fact that discovery remains open does not establish that summary disposition is premature. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Rather, "summary disposition is appropriate if there is no fair chance that further discovery will result in factual support for the party opposing the motion." *Doe*, 511 Mich at 1039. Further, it is not sufficient for the party opposing the motion for summary disposition to merely state that summary disposition is premature. *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292. Rather, when a plaintiff complains that summary disposition is premature because discovery is incomplete, the plaintiff must present evidence, by affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4); *Coblentz v City of Novi*, 475 Mich 558, 570; 719 NW2d 73 (2006). If the plaintiff contends that he or she is unable to present the necessary facts because the facts are known only to a person whose affidavit he or she cannot obtain, the plaintiff may show this by affidavit in accordance with MCR 2.116(H). Mere conjecture is not sufficient to entitle a party to discovery. *Davis v Detroit*, 269 Mich App 376, 380; 711 NW2d 462 (2005).

We agree with the trial court that to avoid summary disposition in this case, plaintiff was obligated to assert facts establishing the elements of her claim, not merely theories. However, in general, a party should be permitted the opportunity to complete discovery before facing dismissal under MCR 2.116(C)(10). *Doe*, 511 Mich at 1038-1039. As set forth in the Michigan State Police's report and in the affidavit of plaintiff's expert, plaintiff has a potentially viable theory of liability based on the facts or assertions that defendant was talking on his cell phone at the time of the accident, defendant did not see plaintiff's vehicle approaching from behind (which could call

into question whether defendant was appropriately checking his side mirrors), and that defendant did not brake before the impact with plaintiff's vehicle. In this case, because no discovery has occurred, we cannot conclude on this record that discovery does not stand a fair chance of uncovering factual support for plaintiff's position. See *id*. at 1039. Because we remand for further proceedings, we decline to reach plaintiff's assertion that the trial court erred by denying her motion for reconsideration.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock